■ MICHAEL D. MINESS, Respondent, v DOROTHY V. MINESS, Appellant. [645 NYS2d 838] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of (1) an order of the Supreme Court, Nassau County (DeMaro, J.), dated July 7, 1994, which modified a prior order of the same court, which, after a nonjury trial, *inter alia,* distributed the parties' marital property, awarded the defendant wife maintenance, and denied her application for counsel fees, and (2) a judgment of the same court dated October 11, 1994, entered, *inter alia,* upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by adding a decretal paragraph thereto directing the plaintiff husband to maintain insurance on his life in the face amount of $1,000,000 with the defendant wife as named beneficiary, and to maintain a policy of medical insurance for the defendant wife until she obtains an employment related policy of her own; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find no error in the Supreme Court's determination that

the plaintiff husband's interest in Glengariff Corporation, his deceased parents' nursing home business, was his separate property not subject to equitable distribution (*see,* Domestic Relations Law § 236 [B] [1] [d]). Moreover, the defendant wife failed to meet her burden of showing that she contributed directly or indirectly to Glengariff so as to entitle her to share in any appreciation in its value (*see, Hartog v Hartog,* 85 NY2d 36; *Price v Price,* 69 NY2d 8; *O'Brien v O'Brien,* 66 NY2d 576). The husband, however, by working as a consultant to Glengariff, learned the intricacies of the nursing home business which enabled him to develop his own facility, GlenHaven, which is clearly marital property (*see,* Domestic Relations Law § 236 [B] [1] [c]). The court awarded 50% of GlenHaven to the wife. Therefore, there is no merit to her contention that her contributions as a homemaker and primary caretaker were not compensated pursuant to the economic partnership concept of marital property.

There is no uniform method of fixing the value of an ongoing business for equitable distribution purposes and valuation is properly within the fact-finding power of the trial court (*see, Amodio v Amodio,* 70 NY2d 5; *Rice v Rice,* 222 AD2d 493). We find no basis to disturb the court's valuation of GlenHaven. While the valuation is not any of those offered by the parties, it is nonetheless supported by the record (*see, Terico v Terico,* 222 AD2d 219; *see also, Cohn v Cohn,* 155 AD2d 412).

The wife was awarded lifetime maintenance of $2,000 per week for the first five years and $1,000 per week thereafter. In light of the duration of the award, the wife's substantial distributive award, her age and health, and her ability to be self-supporting, we decline to increase the amount of the maintenance to $150,000 per year. However, we agree with the wife's contention that the court should have directed the husband to maintain life insurance in her favor to secure his maintenance obligation (*see,* Domestic Relations Law § 236 [B] [8] [a]; *Hartog v Hartog,* 85 NY2d 36, *supra; Wilson v Wilson,* 203 AD2d 558; *Nolfo v Nolfo,* 188 AD2d 451). We further direct that the husband provide and maintain a policy of health insurance for the wife until she obtains employment-related coverage of her own (*see, Guneratne v Guneratne,* 214 AD2d 871; *Mulcahy v Mulcahy,* 170 AD2d 587). These insurance obligations are in addition to and shall not be deducted from the maintenance obligation. The judgment is modified accordingly.

Under the circumstances of this case, the court properly directed that each party pay his or her own attorneys' and experts' fees (*see,* Domestic Relations Law § 237 [a]; *O'Brien v O'Brien, supra*).

The wife's remaining contentions are either academic or without merit. Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.