■ DAVID MOLLON, Respondent, v ROSEMARIE MOLLON, Appellant. [723 NYS2d 686] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Queens County (Satterfield, J.), dated November 5, 1999, which, *inter alia*, (a) awarded her child support of only $500 per week, (b) awarded her maintenance of only $450 per week for a period of only three years, (c) directed her to pay 13.25% of child care costs, private school tuition, and unreimbursed medical expenses for the parties' children, (d) failed to direct the plaintiff to provide her with health insurance, and (e) failed to issue an income deduction order to enforce the awards of maintenance and child support.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting from the tenth decretal paragraph the figure 86.75% and substituting therefor the figure 90.20%, (2) deleting from the eleventh decretal paragraph the figure 13.25% and substituting therefor the figure 9.80%, and (3) adding thereto a decretal paragraph directing the plaintiff to provide the defendant with health insurance for five years or until the defendant obtains employment-related coverage of her own, whichever comes first; as so modified, the judg-

ment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, to issue an income deduction order pursuant to Domestic Relations Law § 240 (2) (b) (2), or to set forth its reasons for not doing so.

The Supreme Court did not err in imputing income to the defendant. "In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*McGrath v McGrath,* 261 AD2d 369; *see also, Matter of Diamond v Diamond,* 254 AD2d 288; *Matter of Zwick v Kulhan,* 226 AD2d 734; *Matter of Collins v Collins,* 241 AD2d 725). Here, the Supreme Court considered the defendant's past income and her earning potential in imputing an annual income of $25,000 to her.

The defendant also contends that the Supreme Court erred in its computation of child support because it failed to deduct from her imputed income the carrying charges of the marital residence, which she was directed to pay, prior to its calculation of her child support obligation. Therefore, she argues, she is paying a double shelter allowance for the children (*see, Polychronopoulos v Polychronopoulos,* 226 AD2d 354; *Krantz v Krantz,* 175 AD2d 865; *Krantz v Krantz,* 175 AD2d 863). While the defendant is correct, she has not been prejudiced by the error in light of the Supreme Court's determination to deviate substantially from the Child Support Standards Act (hereinafter CSSA) in fixing the plaintiff's child support obligation. The Supreme Court found that deviation from the CSSA figure would be "just and appropriate," based on reasons that it outlined in its decision, and awarded the defendant child support of $500 per week. The Supreme Court providently exercised its discretion in deviating from the CSSA amount (*see, Matter of Cassano v Cassano,* 85 NY2d 649; *Blankenship v Kerr,* 225 AD2d 645, 646).

The defendant's contention that she should not be required to pay a percentage of the children's unreimbursed medical expenses, private school tuition, and child care expenses is without merit (*see, Granade-Bastuck v Bastuck,* 249 AD2d 444, 446; *LaBombardi v LaBombardi,* 220 AD2d 642, 644; *Cohen v Cohen,* 203 AD2d 411; *Manno v Manno,* 196 AD2d 488; *Sheehan v Sheehan,* 152 AD2d 942, 943). However, based on the error in computing the defendant's income for child support purposes, her proportionate share of the cost of these expenses should be 9.20% rather than 13.25%.

The plaintiff should be required to provide the defendant with health insurance for five years or until such time as she obtains employment-related coverage of her own, whichever comes first (*see, Miness v Miness,* 229 AD2d 520; *Guneratne v Guneratne,* 214 AD2d 871; *Mulcahy v Mulcahy,* 170 AD2d 587).

The Supreme Court also erred in failing to issue an income deduction order to enforce the plaintiff's child support obligation without setting forth reasons for not doing so (*see,* Domestic Relations Law § 240 [2] [b] [2]). Accordingly, the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant's remaining contentions are without merit. Altman, J. P., Florio, Schmidt and Smith, JJ., concur.