■ GEORGE GIOKAS, Respondent, v EUGENIA GIOKAS, Appellant. [900 NYS2d 370]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (MacKenzie, J.), entered October 3, 2008, as, upon a decision dated April 17, 2008, and upon a supplemental decision dated May 29, 2008, both made after a nonjury trial, directed the plaintiff to pay her maintenance in the sum of only $500 per week, nontaxable to her, only from April 24, 2008, and continuing until the earliest of her remarriage, whether valid or invalid, her attainment of age 62, or the death of either party, and awarded her only 10% of the value of the plaintiff's business interests.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff maintenance in the sum of $500 per week, nontaxable to her, from April 24, 2008, and continuing until the earliest of her remarriage, whether valid or invalid, her attainment of age 62, or the death of either party, and substituting therefor a provision awarding her maintenance in the sum of $500 per week, nontaxable to her, from April 24, 2008, and continuing until the earliest of her remarriage, whether valid or invalid, her attainment of age 66, or the death of either party; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wort-*

*man*, 11 AD3d 604, 606 [2004]; *see Grumet v Grumet*, 37 AD3d 534, 535 [2007]). The Supreme Court must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance (*see Baron v Baron*, 71 AD3d 807 [2010]; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]; *Griggs v Griggs*, 44 AD3d 710, 711-712 [2007]). The main purpose of a maintenance award is to give the nonmonied spouse economic independence (*see Griggs v Griggs*, 44 AD3d at 711-712).

Contrary to the wife's contentions, the amount of maintenance awarded by the Supreme Court was consistent with the purpose and function of maintenance in light of her education, ability to be self-supporting, good health, lack of child-rearing responsibilities, and separate assets. However, in light of the parties' ages as well as their respective financial circumstances, the Supreme Court should have awarded the wife maintenance until the earliest of her eligibility for full Social Security benefits at the age of 66, her remarriage, or the death of either party (*see Hamroff v Hamroff*, 35 AD3d 365, 366 [2006]; *Penna v Penna*, 29 AD3d 970, 971-972 [2006]; *Taylor v Taylor*, 300 AD2d 298, 299 [2002]).

While the distribution of marital property must be equitable, there is no requirement that the assets be split evenly (*see Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]). Furthermore, "[t]rial courts are granted substantial discretion in determining what distribution of marital property will be equitable under all the circumstances" (*Farrell v Cleary-Farrell*, 306 AD2d 597, 599 [2003] [internal quotation marks omitted]; *Owens v Owens*, 288 AD2d 782, 783 [2001]).

Here, notwithstanding the length of the parties' 33-year marriage, the husband did not commence his involvement in the first of the two businesses subject to equitable distribution until 21 years after the parties were married, which was at a time when their two sons were already teenagers. The husband's involvement with the second of those businesses began six years after the commencement of his involvement in the first business, and only six years before he commenced this action. Further, during a substantial portion of the time in which the husband was involved in the two businesses, the wife was employed outside the home, and the parties' then-teenage children became emancipated.

The Supreme Court properly determined that the wife made no direct contributions to the husband's businesses and, in light of its finding that she made only a modest, indirect contribution to them, properly awarded her only 10% of their value (see Chalif v Chalif, 298 AD2d 348, 348 [2002]). Contrary to the wife's contentions, her circumstances are thus distinguishable from those of an untitled, full-time homemaker in a long-term marriage, whose spouse was involved in a business or practice for the entire duration of the marriage, during which time children were born and raised primarily by the untitled spouse (see Ciampa v Ciampa, 47 AD3d 745 [2008]). Thus, under the circumstances of this case, the Supreme Court providently exercised its discretion in fashioning an award which limited the distributed amount of the value of the husband's businesses, while taking into account the wife's limited indirect contributions to them (see Domestic Relations Law § 236 [B] [5] [d] [6]; Price v Price, 69 NY2d 8, 11, 14 [1986]; Griggs v Griggs, 44 AD3d at 713; cf. Schwartz v Schwartz, 67 AD3d 989, 991 [2009]). Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.