■ ALEXANDER RABINOVICH, Appellant, v OKSANA SHEVCHENKO, Respondent. [941 NYS2d 173]—

In an action for a divorce and ancillary relief, the plaintiff appeals, (1) from a decision of the Supreme Court, Suffolk County (Blydenburgh, J.), dated September 20, 2010, and (2), as limited by his brief, from stated portions of a judgment of the same court entered July 28, 2011, which, inter alia, after a nonjury trial, and upon the decision, (a) determined that a prenuptial agreement dated November 15, 1997, was invalid, (b) awarded the defendant lifetime maintenance in the sum of $5,000 per month, (c) awarded the defendant the sum of $130,650.27, representing her distributive interest in the marital assets, (d) directed the plaintiff to reimburse the defendant the sum of $40,000 for student loans, and (e) awarded the defendant an attorney's fee in the sum of $53,503.78.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the facts, by deleting the provision thereof which awarded the defendant the sum of $130,650.27, representing her distributive interest in the marital assets, and substituting therefor a provision awarding her the sum of $107,707.77; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see Christian v Christian*, 42 NY2d 63, 72-73 [1977]; *Cioffi-Petrakis v Petrakis*, 72 AD3d 868 [2010]). Under the particular circumstances of this case—including, inter alia, the facts that the prenuptial agreement was presented to the defendant just before the marriage ceremony, that it was drafted in English, a language which she did not, at that time, understand, and that she did not have the opportunity to have the agreement reviewed by an attorney or translated into her native language before she signed it—the Supreme Court was correct in finding that the defendant had been coerced into signing the agreement, and thus that it was unenforceable against her.

" '[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts' " (*Siskind v Siskind*, 89 AD3d 832, 833 [2011], quoting *Wortman v Wortman*, 11 AD3d 604, 606 [2004]). In determining the amount and duration of an award of maintenance, the Supreme Court "must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance" (*Giokas v Giokas*, 73 AD3d 688, 689 [2010]). Here, taking into consideration all the relevant factors, including the fact that the defendant is suffering from a medical condition and is unable, for the foreseeable future, to be self-supporting, the award of lifetime maintenance to her in the sum of $5,000 per month was a provident exercise of discretion.

The Supreme Court incorrectly determined the defendant's distributive interest in the marital assets. The court's award was based in part on its finding that the equity of the marital residence at the time of the trial amounted to the sum of $171,085. In arriving at this figure, the Supreme Court should

have subtracted the outstanding mortgage balance of $401,890.08 from the appraised valuation of $525,000. Inasmuch as the differential of $123,109.92 is less than the down payment used to purchase the marital residence of $125,000, there was no equity in the marital residence upon which to base a distributive award to the defendant in the sum of $23,042.50. Accordingly, the defendant's distributive interest in the marital assets is the sum of only $107,707.77, consisting of one half of the down payment used to purchase the marital residence ($62,500) and one half of the balances reflected on certain accounts as of the date of commencement of the instant action ($45,207.77).

The Supreme Court providently exercised its discretion when it directed the plaintiff to reimburse the defendant the sum of $40,000 for student loans.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.