*962 In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of an amended judgment of the Supreme Court, Orange County (Marx, J.), dated February 14, 2011, which, upon a decision of the same court (Onofry, J.), dated January 15, 2011, made after a nonjury trial, inter alia, directed the plaintiff to pay her maintenance in the sum of only $500 per week until the earlier of her attaining the age of 62, her retirement, her remarriage, or her death.
Ordered that the amended judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to pay the defendant maintenance in the sum of $500 per week until the earlier of the defendant’s attaining the age of 62, her retirement, her remarriage, or her death, and substituting therefor a provision directing the plaintiff to pay the defendant maintenance in the sum of $500 per week until the earlier of the defendant’s attaining the age of 66, the plaintiffs retirement, the defendant’s remarriage, or the defendant’s death; as so modified, the amended judgment is affirmed insofar as appealed from, with costs to the defendant.
“[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts” (Siskind v Siskind, 89 AD3d 832, 833 [2011] [internal quotation marks omitted]). In determining the amount and duration of an award of maintenance, the Supreme Court “must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance” (Giokas v Giokas, 73 AD3d 688, 689 [2010]; see Hartog v Hartog, 85 NY2d 36, 51-52 [1995]; Siskind v Siskind, 89 AD3d at 833; Litvak v Litvak, 63 AD3d 691 [2009]).
Contrary to the defendant’s contention, the amount of maintenance awarded by the Supreme Court was consistent with the purpose and function of maintenance considering her education, ability to be self-supporting, good health, and lack of child-rearing responsibilities. However, in light of each party’s age, as well as their respective financial circumstances, the Supreme Court should not have permitted maintenance payments to end upon the defendant’s attaining the age of 62 or upon the defend *963 ant’s retirement. Rather, the Supreme Court should have awarded the defendant maintenance until the earlier of the defendant’s attaining the age of 66, the plaintiffs retirement, the defendant’s remarriage, or the defendant’s death (see Giokas v Giokas, 73 AD3d at 689; Hamroff v Hamroff, 35 AD3d 365 [2006]; Marion v Marion, 300 AD2d 369 [2002]; Tuszer v Tuszer, 249 AD2d 535 [1998]; see also Taylor v Taylor, 300 AD2d 298 [2002]).
The defendant’s remaining contentions are either unpreserved for appellate review, not properly before this Court, or without merit. Mastro, J.R, Leventhal, Sgroi and Miller, JJ., concur.