■ LISA GORDON, Appellant, v LAURENCE GORDON, Respondent. [979 NYS2d 121]—

" '[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts' " (*Giokas v Giokas*, 73 AD3d 688, 688 [2010], quoting *Wortman v Wortman*, 11 AD3d 604, 606 [2004]). The factors to be considered in a

maintenance award are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties (*see* Domestic Relations Law § 236 [B] [6] [a]; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]; *Griggs v Griggs*, 44 AD3d 710, 711-712 [2007]). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]; *see Scarlett v Scarlett*, 35 AD3d 710, 711 [2006]). Here, considering the relevant factors, the amount and duration of the award of maintenance was a provident exercise of discretion.

Contrary to the plaintiff's contentions, the trial court providently exercised its discretion in awarding her 20% of the defendant's interest in Floral Management Realty Corporation. The award of 20% "takes into account the plaintiff's minimal direct and indirect involvement in the defendant's company, while not ignoring her contributions as the primary caretaker for the parties' children, which allowed the defendant to focus on his business" (*Baron v Baron*, 71 AD3d 807, 809 [2010]; *see Ventimiglia v Ventimiglia*, 307 AD2d 993, 994 [2003]; *Wagner v Dunetz*, 299 AD2d 347, 349 [2002]).

The trial court, however, erred by not addressing the payment of the unreimbursed health care expenses of the parties' children. Generally, the obligation to pay those expenses is to be prorated in the same proportion as each parent's income is to the combined parental income (*see* Domestic Relations Law § 240 [1-b] [c] [5] [v]). Here, the trial court determined that the defendant's income represented 100% of the combined parental income. Consequently, we modify the judgment to include a provision directing the defendant to pay 100% of the children's unreimbursed reasonable health care expenses (*see* Domestic Relations Law § 240 [1-b] [c] [5]; *Griggs v Griggs*, 44 AD3d at 714; *Sicurelli v Sicurelli*, 285 AD2d 541, 542-543 [2001]).

We decline to consider the plaintiff's request for an award of an attorney's fee incurred in connection with this appeal. This request should be addressed in the first instance to the Supreme Court (*see Smulevitz v Smulevitz*, 91 AD3d 752, 753 [2012]; *Kane v Rudansky*, 309 AD2d 785, 785 [2003]). Eng, P.J., Dickerson, Chambers and Hall, JJ., concur.