■ IAN P. CARROLL, Respondent, v LESLIE F. CARROLL, Appellant. [3 NYS3d 397]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Wood, J.), entered June 24, 2013, as, upon a decision of the same court entered April 1, 2013, made after a nonjury trial, and a decision of the same court entered June 24, 2013, awarded her maintenance retroactive to October 1, 2012, in the sums of only $4,000 per month for the first six months, $3,200 per month for the next 12 months, and $2,000 per month thereafter only until the earlier of "five (5) years from October 1, 2012," her remarriage, or the death of either party, and directed that she secure and maintain her own health insurance.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the words

"five (5) years from October 1, 2012," and substituting therefor the words "the defendant's attainment of the age of 66"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

The parties were married in 1981 and are the parents of one child, now emancipated. The plaintiff, born in 1956, has, for many years, been employed as a country club executive chef. During the marriage, the defendant, born in 1954, was the primary caregiver for the parties' child, and worked for only a few years in a part-time capacity. She suffers from, among other things, osteoporosis and depression. In January 2012, the plaintiff commenced this action for a divorce. The parties were divorced by judgment entered June 24, 2013.

" '[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts' " (*Giokas v Giokas*, 73 AD3d 688, 688 [2010], quoting *Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see Alleva v Alleva*, 112 AD3d 567, 568 [2013]). "The factors to be considered in a maintenance award are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (*Gordon v Gordon*, 113 AD3d 654, 654-655 [2014]). " 'Maintenance is designed to give the spouse economic independence and should continue only as long as is required to render the recipient self-supporting' " (*Griggs v Griggs*, 44 AD3d 710, 712 [2007], quoting *Granade-Bastuck v Bastuck*, 249 AD2d 444, 446 [1998]).

Here, the amount of maintenance awarded by the Supreme Court was consistent with the purpose and function of a maintenance award, considering, inter alia, the defendant's limited work experience, impaired medical condition, and lack of child-rearing responsibilities (*see Marley v Marley*, 106 AD3d 961, 962 [2013]; *Giokas v Giokas*, 73 AD3d at 689). However, the Supreme Court improvidently exercised its discretion in fixing the duration of the maintenance awarded to the defendant at the earliest of October 1, 2017, the defendant's remarriage, or the death of either party (*see Hymowitz v Hymowitz*, 119 AD3d 736 [2014]). In light of the parties' long-term marriage, their respective ages, and their financial circumstances, and because the defendant has only part-time work experience and suffers

from various medical conditions, "it is unrealistic to believe" that she will be able to achieve a "level of financial independence which would eliminate" her need to rely on the plaintiff's support (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see Rabinovich v Shevchenko*, 93 AD3d 774, 775 [2012]). Accordingly, the Supreme Court should have awarded the defendant maintenance until the earliest of her eligibility for full Social Security retirement benefits at the age of 66, her remarriage, or the death of either party (*see Hymowitz v Hymowitz*, 119 AD3d 736 [2014]; *Marley v Marley*, 106 AD3d 961 [2013]; *Kaufman v Kaufman*, 102 AD3d 925, 926-927 [2013]; *Giokas v Giokas*, 73 AD3d at 689; *Baron v Baron*, 71 AD3d 807, 810 [2010]; *Penna v Penna*, 29 AD3d 970 [2006]).

Contrary to the defendant's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in directing her to obtain her own health insurance coverage (*see* Domestic Relations Law § 236 [B] [8] [a]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.