■ Steven D'Iorio, Respondent, v Susan D'Iorio, Appellant. [24 NYS3d 325]—

Appeal from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (William J. Kent, J.), entered September 18, 2013. The judgment, insofar as appealed from, upon a decision of the same court dated July 29, 2013, made after a nonjury trial, inter alia, (a) awarded the defendant the sum of·$877.23 per week in spousal maintenance for a period of only eight years, retroactive to December 1, 2010, (b) awarded the defendant additional maintenance in the sum of

$532 per month for COBRA benefits for a period of only 36 months postjudgment, (c) failed to direct the plaintiff to maintain life insurance policies to secure the defendant's interest in maintenance payments and the plaintiff's pensions, and (d) awarded the plaintiff a credit for the temporary maintenance payments made pursuant to the pendente lite orders and a credit for one-half of the voluntary payments the plaintiff made, including the carrying charges on the marital residence and on a cooperative apartment, and for all costs for the automobile of which the defendant had exclusive use during the pendency of the action.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting from the seventh decretal paragraph thereof the words "for eight (8) years"; (2) by deleting from the ninth decretal paragraph thereof the words "earlier upon" and substituting therefor the words "upon the earliest of the defendant's eligibility for full Social Security retirement benefits," (3) by deleting from the eighth decretal paragraph thereof the words "36 months of," and adding, after the words "$532.00 per month," the words "until the earliest of the defendant's eligibility for Medicare, obtaining health insurance through employment, or termination of the plaintiff's obligation to pay maintenance," (4) by adding a provision thereto directing the plaintiff to maintain a life insurance policy for the benefit of the defendant until payment of maintenance, including the additional maintenance to cover the cost of the defendant's health insurance premiums, is completed, in an amount sufficient to secure the amount of those obligations, and (5) by deleting the provision thereof crediting the plaintiff for one-half of the voluntary payments that the plaintiff made for the carrying charges on the marital residence and on a cooperative apartment and for all costs for the automobile of which the defendant had exclusive use during the pendency of the action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant were married on January 3, 1987, and have three children, one of whom is unemancipated. The plaintiff, born in 1949, had been steadily employed throughout the marriage. During the marriage, the defendant, born in 1957, was the primary caregiver for the children and a homemaker. Following 23 years of marriage, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a partial stipulation of settlement, resolving the issues of equitable distribution and child support. The mat-

ter proceeded to trial solely on the issue of maintenance. Following the trial, the Supreme Court, inter alia, (1) awarded the defendant the sum of $877.23 per week in spousal maintenance for a period of eight years, retroactive to December 1, 2010, (2) awarded the defendant additional maintenance in the sum of $532 per month for COBRA benefits for a period of 36 months postjudgment, and (3) awarded the plaintiff a credit against retroactive arrears for the temporary maintenance payments made pursuant to the pendente lite orders and a credit for one-half of the voluntary payments he made, including the carrying charges on the marital residence and on a cooperative apartment, and for all costs for the automobile of which the defendant had exclusive use during the pendency of the action. The defendant appeals from these portions of the judgment, as well as from the court's failure to direct the plaintiff to maintain life insurance policies to secure her interest in the maintenance payments and the plaintiff's pensions.

Initially, we note that, in its decision after trial, dated July 29, 2013, which was incorporated into the judgment of divorce, the Supreme Court stated that "[i]n the unlikely event there are arrears, the defendant shall pay same within forty-five (45) days." The parties acknowledge that this was a scrivener's error and it would be the plaintiff, not the defendant, who would pay any arrears.

"[I]t is well settled that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see Lamparillo v Lamparillo*, 130 AD3d 580, 581 [2015]; *DiBlasi v DiBlasi*, 48 AD3d 403, 404 [2008]). The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting (*see Gordon v Gordon*, 113 AD3d 654, 655 [2014]; *DiBlasi v DiBlasi*, 48 AD3d at 404; *Bains v Bains*, 308 AD2d 557, 559 [2003]). "The factors to be considered in a maintenance award are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (*Gordon v Gordon*, 113 AD3d at 654-655; *see* Domestic Relations Law § 236 [B] [6] [a];

*Carroll v Carroll*, 125 AD3d 710, 711 [2015]). Another factor, which this Court has considered when the marriage has been of long duration, is whether the party seeking maintenance was the primary homemaker and caregiver for the parties' children during the marriage (*see McCaffrey v McCaffrey*, 107 AD3d 1106, 1106-1107 [2013]; *Rodriguez v Rodriguez*, 70 AD3d 799, 802 [2010]).

Here, the amount of maintenance awarded by the Supreme Court was consistent with the purpose and function of a maintenance award, and the court appropriately considered, among other things, the defendant's lack of effort to find employment, her limited work experience, and the absence of child-rearing responsibilities given the children's ages (*see Carroll v Carroll*, 125 AD3d at 711; *Marley v Marley*, 106 AD3d 961, 962 [2013]; *Giokas v Giokas*, 73 AD3d 688, 689 [2010]). The Supreme Court, however, improvidently exercised its discretion in its determination as to the duration of the maintenance award. The court fixed the duration of maintenance at eight years, retroactive to December 1, 2010, unless terminated earlier pursuant to Domestic Relations Law § 248 by the defendant's remarriage or cohabitation, or upon the death of either party (*see Carroll v Carroll*, 125 AD3d at 711; *Hymowitz v Hymowitz*, 119 AD3d 736, 742 [2014]). In light of the parties' long-term marriage, respective ages, and financial circumstances, and the defendant's limited work experience, "it is unrealistic to believe" that the defendant will be able to achieve a "level of financial independence which would eliminate" her need to rely on the plaintiff's support (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see Rabinovich v Shevchenko*, 93 AD3d 774, 775 [2012]). Accordingly, the duration of the defendant's maintenance should be until the earliest of her eligibility for full Social Security retirement benefits, her remarriage or cohabitation pursuant to Domestic Relations Law § 248, or the death of either party (*see Carroll v Carroll*, 125 AD3d at 712; *Hymowitz v Hymowitz*, 119 AD3d at 742; *Marley v Marley*, 106 AD3d 961, 962-963 [2013]; *Kaufman v Kaufman*, 102 AD3d 925, 926-927 [2013]; *Giokas v Giokas*, 73 AD3d at 689; *Baron v Baron*, 71 AD3d 807, 810 [2010]; *Penna v Penna*, 29 AD3d 970, 971-972 [2006]). Similarly, although the court providently exercised its discretion in awarding additional maintenance in the sum of $532 per month to cover the cost of the defendant's health insurance premiums, it improvidently exercised its discretion in limiting the duration of that additional maintenance to 36 months postjudgment (*see Mollon v Mollon*, 282 AD2d 659, 660 [2001]; *Miness v Miness*, 229 AD2d 520, 521 [1996]; *Feldman v Feldman*, 194 AD2d 207,

218-219 [1993]). The additional monthly maintenance in the sum of $532 to cover the defendant's health insurance premiums should have been ordered to continue until the earliest of such time as the defendant is eligible for Medicare, she obtains health insurance through employment, or the plaintiff's obligation to pay maintenance ends (*see Mollon v Mollon*, 282 AD2d at 660; *Miness v Miness*, 229 AD2d at 521; *Feldman v Feldman*, 194 AD2d at 218-219; *Raviv v Raviv*, 153 AD2d 932, 934 [1989]).

The Supreme Court also should have directed that the plaintiff maintain life insurance in the defendant's favor in an amount sufficient to secure his maintenance obligation, including the additional monthly maintenance obligation in the sum of $532 to cover the cost of the defendant's health insurance (*see* Domestic Relations Law § 236 [B] [8] [a]; *Hartog v Hartog*, 85 NY2d 36, 50 [1995]; *Baron v Baron*, 71 AD3d at 810; *Charles v Charles*, 53 AD3d 468, 469 [2008]; *Comstock v Comstock*, 1 AD3d 307, 308 [2003]; *see generally* Alan D. Scheinkman, New York Law of Domestic Relations § 15:19 [11 West's NY Prac Series 2011]). The court, however, properly declined to direct the plaintiff to maintain life insurance in the defendant's favor to secure her interest in the plaintiff's pensions, as all matters of equitable distribution were resolved by the partial stipulation of settlement. Judicial review of settlement stipulations should be exercised sparingly (*see Sabowitz v Sabowitz*, 123 AD3d 794, 795 [2014]; *Brennan-Duffy v Duffy*, 22 AD3d 699, 699 [2005]), and a stipulation that is fair on its face should be enforced unless there is proof of fraud, duress, overreaching, or unconscionability (*see Sabowitz v Sabowitz*, 123 AD3d at 795; *Brennan-Duffy v Duffy*, 22 AD3d at 699). Here, the defendant did not establish any basis to modify this provision of the partial stipulation of settlement.

Furthermore, contrary to the defendant's contention, the Supreme Court properly awarded the plaintiff a credit for the payments made by him pursuant to the pendente lite orders for temporary maintenance and the defendant's credit card. A party's maintenance obligation is retroactive to the date of the application, and except as otherwise provided, any retroactive amount due shall be paid, as the court directs, "taking into account any amount of temporary maintenance which has been paid" (Domestic Relations Law § 236 [B] [6] [a]; *see McKay v Groesbeck*, 117 AD3d 810, 811 [2014]; *Verdrager v Verdrager*, 230 AD2d 786, 788-789 [1996]). Here, the plaintiff had been paying temporary maintenance and the defendant's credit card pursuant to the pendente lite orders dated July 18, 2011, and

March 5, 2012, and therefore, he was entitled to a credit for those amounts paid.

Finally, the Supreme Court improvidently exercised its discretion in crediting the plaintiff with one-half of the voluntary payments made by him, including the carrying charges on the marital residence and on a cooperative apartment and for all costs for the automobile of which the defendant had exclusive use during the pendency of the action, as all matters of equitable distribution were resolved by the partial stipulation of settlement. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.