Greco v Greco (2018 NY Slip Op 03510)





Greco v Greco


2018 NY Slip Op 03510


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-06322
 (Index No. 201553/10)

[*1]Robert Greco, respondent, 
v
Susan Greco, appellant.


Lawrence J. Glynn, White Plains, NY (Neal D. Futerfas of counsel), for appellant.
Leonard R. Sperber, Garden City, NY (Michelle S. Stein of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), entered April 22, 2015. The judgment, insofar as appealed from, awarded the defendant monthly maintenance in the sum of only $4,500 for a period of only three years, determined issues of equitable distribution of the marital estate, and failed to direct the plaintiff to pay the defendant's health insurance premiums.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the defendant monthly maintenance in the sum of $4,500 for a period of three years, and substituting therefore a provision awarding the defendant monthly maintenance in the sum of $4,500 until the earliest of the following events: the defendant's remarriage or cohabitation, the death of either party, or until the defendant begins to draw Social Security benefits or reaches the age of 67 or such age that she would qualify for full Social Security benefits, at which time the maintenance award will be reduced to $2,000 per month, and (2) by adding thereto a provision directing the plaintiff to pay the defendant's health insurance premiums until the earliest of such time as the defendant is eligible for Medicaid or Medicare, or she obtains health insurance through employment or remarriage or cohabitation; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1999 and have two children together. In May 2010, the plaintiff commenced this action for a divorce and ancillary relief. Following a custody trial, the Supreme Court awarded the plaintiff full custody of the children based upon the defendant's psychiatric condition. Thereafter, a trial was held on the financial issues and the court, inter alia, awarded the defendant monthly maintenance in the sum of $4,500 for a period of three years and determined issues of equitable distribution of the marital estate. On appeal, the defendant challenges the amount and duration of the maintenance award, the determination of issues of equitable distribution of the marital estate, and the failure of the court to direct the plaintiff to pay the defendant's health insurance premiums.
" [T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts'" (Rabinovich v Shevchenko, 93 AD3d 774, 775, quoting Siskind v Siskind, 89 AD3d 832, 833 [*2][internal quotation marks omitted]; see Wortman v Wortman, 11 AD3d 604, 606). In determining the amount and duration of an award of maintenance, the Supreme Court must consider the factors enumerated in Domestic Relations Law § 236(B)(6)(a), which, prior to amendments effective January 23, 2016, not applicable to this action (see L 2015, ch 269, § 4), included the predivorce standard of living of the parties, "the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance" (Giokas v Giokas, 73 AD3d 688, 689; see Gillman v Gillman, 139 AD3d 667, 670).
Here, the amount of maintenance awarded by the Supreme Court was consistent with the purpose and function of a maintenance award considering, among other things, the equitable distribution award and the absence of child-rearing responsibilities because the plaintiff was awarded full custody of the children. However, taking into consideration all the relevant factors, including the fact that the defendant is suffering from a psychiatric condition and was unable, for the foreseeable future, to be self-supporting, it was an improvident exercise of the court's discretion to limit the maintenance award to a period of three years. Accordingly, the duration of the defendant's maintenance should be until her remarriage or cohabitation, or the death of either party, or until the defendant begins to draw Social Security benefits or reaches the age of 67 or such age that she would qualify for full Social Security benefits, whichever occurs first, at which time the maintenance award will be reduced to $2,000 per month (see Carroll v Carroll, 125 AD3d 710; Rabinovich v Shevchenko, 93 AD3d 774).
Similarly, the Supreme Court improvidently exercised its discretion in failing to direct the plaintiff to pay the defendant's health insurance premiums. The court should have directed the plaintiff to pay for the defendant's health insurance premiums until the earliest of such time as the defendant is eligible for Medicaid or Medicare, or she obtains health insurance through employment, or remarries or cohabitates (see D'Iorio v D'Iorio, 135 AD3d 693, 697; Miness v Miness, 229 AD2d 520, 521).
We agree with the Supreme Court's determination of the issues of the equitable distribution of the marital estate, including the determination that the defendant is entitled to an award in the sum of $114,555.50, representing her equitable share of the appreciated value of the marital residence (see Domestic Relations Law § 236[B][1][d][3]; Lubrano v Lubrano, 122 AD3d 807, 808; Scher v Scher, 91 AD3d 842, 845; Mongelli v Mongelli, 68 AD3d 1070, 1072; cf. Koehler v Koehler, 285 AD2d 582). We also agree with the court's determination to decline to award the defendant 50% of the rental income derived from a cottage located on the marital estate, since that income was put toward the carrying costs of the marital residence (cf. Dellafiora v Dellafiora, 54 AD3d 715, 716).
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court