D'Arrigo v D'Arrigo (2020 NY Slip Op 03766)





D'Arrigo v D'Arrigo


2020 NY Slip Op 03766


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-12074
 (Index No. 14422/11)

[*1]Michael D'Arrigo, respondent-appellant,
v
Joya D'Arrigo, appellant-respondent.


Johnson & Cohen, LLP, White Plains, NY (Maureen A. Dunn of counsel), for appellant-respondent.
Blank Rome, LLP, New York, NY (Heidi A. Tallentire and Ryan J. Casson of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross appeals, from a judgment of divorce of the Supreme Court, Westchester County (Victor Grossman, J.), dated September 29, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated August 16, 2016, made after a nonjury trial, (1) awarded the defendant maintenance in the sum of only $7,500 per month for a period of only three years, and (2) awarded the plaintiff a separate property credit in the sum of $118,000. The judgment of divorce, insofar as cross-appealed from, upon the decision, (1) awarded the defendant maintenance in the sum of $7,500 per month for a period of three years, and (2) directed the plaintiff to pay interest on the distributive award made in connection with the equitable distribution of the marital assets.
ORDERED that the judgment of divorce is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the defendant maintenance in the sum of $7,500 per month for a period of three years, and substituting therefor a provision awarding the defendant maintenance in the sum of $7,500 per month for a period of five years; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married in 1994 and have three children. In 2011, the plaintiff commenced this action for a divorce and ancillary relief. Custody of the children was resolved by stipulation. In January 2016, a trial was held on issues relating to, inter alia, maintenance and equitable distribution. Following the trial, by notice of motion dated April 14, 2016, the defendant moved for an award of counsel fees. By decision after trial dated August 16, 2016, the Supreme Court resolved the outstanding matters of maintenance and equitable distribution, and issued a judgment of divorce dated September 29, 2016. The court decided the pending motion on counsel fees in an order dated September 29, 2016, which, notably, was not incorporated into the judgment of divorce. The defendant appeals and the plaintiff cross-appeals from the judgment of divorce.
As an initial matter, the plaintiff's contention that the Supreme Court's award of counsel fees was excessive is not properly before us. The plaintiff's notice of appeal is from the judgment of divorce. The order dated September 29, 2016, deciding the defendant's motion for an [*2]award of counsel fees was not incorporated into the judgment of divorce and, therefore, that determination is not brought up for review by the plaintiff's cross-appeal from the judgment, since the order does not "necessarily affect[ ]" the final judgment (CPLR 5501[a][1]; see Oakes v Patel, 20 NY3d 633, 643-644; Yuliano v Yuliano, 175 AD3d 1354, 1354).
The defendant contends that the Supreme Court's award of maintenance in the amount of $7,500 per month for three years was inadequate, and the plaintiff contends that the award was excessive. "The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928; see Carroll v Carroll, 125 AD3d 710, 711). In cases, like this one, commenced prior to amendments to the Domestic Relations Law effective January 23, 2016 (see L 2015, ch 269, § 4), factors to be considered include "the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (Gordon v Gordon, 113 AD3d 654, 654-655; see Domestic Relations Law former § 236[B][6][a]). "Maintenance is designed to give the spouse economic independence and should continue only as long as required to render the recipient self-supporting" (Carroll v Carroll, 125 AD3d at 711 [internal quotation marks omitted]).
Here, although we agree with the Supreme Court's determination as to the amount of monthly maintenance to which the defendant was entitled, we agree with the defendant that the duration of the court's award was inadequate. In light of, inter alia, the parties' 17-year marriage, standard of living, and their respective present and future earning capacities, we modify the court's maintenance award by increasing the award's duration to a period of five years (see Beyel v Beyel, 173 AD3d 1129, 1130).
We agree with the Supreme Court that the plaintiff was entitled to a separate property credit in the amount of $118,000 relating to certain real property that he owned prior to the marriage, which he transferred to himself and the defendant, jointly, after the parties were married. Due to deficiencies in the plaintiff's proof pertaining to the balance of a pre-marital mortgage encumbering the property at the time of the marriage, the court declined his request for a credit representing the full value of the property at the time that it was converted to marital property. Instead, the court awarded the plaintiff a credit calculated, in part, upon the proof of the plaintiff's equity in the property. Under the circumstances of this case, the court's method of calculating the amount of the plaintiff's credit was not unreasonable (see Nidositko v Nidositko, 92 AD3d 653, 654; Cleary v Cleary, 171 AD2d 1076, 1077; see also Shkreli v Shkreli, 142 AD3d 546, 548).
The Supreme Court providently exercised its discretion in directing the plaintiff to pay interest on the distributive award at the statutory rate of nine percent (see Ralis v Ralis, 146 AD3d 831, 832-833).
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court