Mahoney v Mahoney (2021 NY Slip Op 04707)





Mahoney v Mahoney


2021 NY Slip Op 04707


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-12215
 (Index No. 57283/17)

[*1]Patricia Donovan Mahoney, appellant,
v
Kenneth R. Mahoney, respondent.


J. O'Hara & Associates, P.C., White Plains, NY (Jennifer Jill O'Hara of counsel), for appellant.
Kantrowitz, Goldhamer & Graifman, P.C., Chestnut Ridge, NY (Paul B. Goldhamer, William T. Schiffman, and Randy J. Perlmutter of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Westchester County (John P. Colangelo, J.), entered October 10, 2018. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated August 15, 2018, made after a nonjury trial, (1) awarded the plaintiff maintenance in the sum of only $7,500 per month until the emancipation of the parties' younger child, and only $8,333.33 per month thereafter, (2) directed the defendant to pay child support in the sum of only $2,097 per month for the parties' unemancipated child, (3) directed that a particular savings account be used exclusively for the college tuition and expenses of the parties' two children, rather than being distributed to the parties, (4) declined to reallocate the distribution of certain marital assets that had been divided equally for the payment of counsel fees during the pendency of the action, and (5) awarded the plaintiff counsel fees in the sum of only $35,000, in addition to the counsel fees already paid pursuant to the parties' stipulations.
ORDERED that the judgment of divorce is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff counsel fees in the sum of $35,000, and substituting therefor a provision awarding the plaintiff counsel fees in the sum of $100,000; as so modified, the judgment of divorce is affirmed insofar as appealed from, with costs to the plaintiff.
The parties were married in July 1994, and have two children, born in 1997 and 1999. This action was commenced in May 2017. At the time of the April 2018 nonjury trial, the plaintiff was 49 and the defendant was 52. After the trial, the Supreme Court issued a judgment of divorce, entered October 10, 2018, upon a decision dated August 15, 2018. The judgment, inter alia, awarded the plaintiff maintenance for a period of eight years, in the sum of $7,500 per month until the emancipation of the parties' younger child, and $8,333 per month thereafter; directed the defendant to pay basic child support in the sum of $2,097 per month; equitably distributed the marital property; and awarded the plaintiff counsel fees in the sum of $35,000. The plaintiff appeals.
As this action was commenced after January 23, 2016, it is governed by recent amendments to the calculation of postdivorce maintenance set forth in Part B of section 236 of the [*2]Domestic Relations Law (see L 2015, ch 269, § 4; cf. Sufia v Khalique, 189 AD3d 1499). Where, as here, the payor's annual income exceeds the statutory income cap of $184,000 (see Domestic Relations Law § 236[B][6][b][4]), the court shall determine the guideline amount of postdivorce maintenance by performing the calculations set forth in Domestic Relations Law § 236(B)(6)(c), and then shall determine whether to award additional maintenance for income exceeding the cap by considering the factors set forth in Domestic Relations Law § 236(B)(6)(e)(1) and setting forth the factors it considered (see Domestic Relations Law § 236[B][6][d][1]-[3]). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (D'Iorio v D'Iorio, 135 AD3d 693, 695; see Pandis v Lapas, 176 AD3d 837, 841; Gordon v Gordon, 113 AD3d 654, 655). "The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928; see Carroll v Carroll, 125 AD3d 710, 711).
Here, considering the relevant factors, including the parties' age and health, their present and future earning capacities, the termination of the child support award before the termination of the maintenance award, and the standard of living of the parties during the marriage (see Domestic Relations Law former § 236[B][6][e][1]), the Supreme Court's maintenance award was a provident exercise of discretion (see D'Arrigo v D'Arrigo, 185 AD3d 654, 655-656; Candea v Candea, 173 AD3d 663, 664-665).
Contrary to the plaintiff's contention, the Supreme Court sufficiently articulated its reasons for declining to calculate the parties' child support obligations based on combined parental income over the statutory income cap (see Domestic Relations Law § 240[1-b][c][3]), and that determination was adequately supported by the record and was not an improvident exercise of the court's discretion (see Matter of Cassano v Cassano, 85 NY2d 649, 655; Klein v Klein, 178 AD3d 802, 804).
Moreover, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in determining that a particular savings account was to be used for the children's college expenses and was not subject to equitable distribution. "A trial court is vested with broad discretion in making an equitable distribution of marital property" (Bossard v Bossard, 199 AD2d 971, 971), and "unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Saleh v Saleh, 40 AD3d 617, 617-618; see Sufia v Khalique, 189 AD3d at 1500). "[W]here, as here, 'a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses and the proffered items of evidence is afforded great weight on appeal'" (Sufia v Khalique, 189 AD3d at 1500, quoting Kaufman v Kaufman, 189 AD3d 31, 56). Here, the testimony adduced at trial supports the court's determination that it was the parties' intent to use the funds in the subject account for the children's college expenses, and it was not an improvident exercise of discretion for the court to direct the parties to do so.
For matrimonial actions such as this one, commenced on or after October 12, 2010, Domestic Relations Law § 237(a) creates a "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (see L 2010, ch 329, §§ 1, 3; Weidman v Weidman, 162 AD3d 720, 726). "While the statute creates a presumption that counsel fees are to be awarded to the less affluent spouse, it does not address the amount of fees to be awarded" (Marchese v Marchese, 185 AD3d 571, 575). "An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court" (D'Angio v D'Angio, 171 AD3d 1130, 1130; see Morrissey v Morrissey, 259 AD2d 472, 473), but this Court's discretionary authority is as broad as the trial court's in determining an appropriate award of counsel fees (see Romeo v Muenzler-Romeo, 169 AD3d 845, 846). Here, taking into account all of the relevant circumstances, including the disparity in the parties' respective incomes and the size of the distributive award, we conclude that the defendant should be responsible for $100,000 of the plaintiff's counsel fees, in addition to his prior payments made pendente lite (cf. Marchese v Marchese, 185 AD3d at 579).
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court