Sosnowik v Sosnowik (2025 NY Slip Op 02804)

Sosnowik v Sosnowik

2025 NY Slip Op 02804

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LILLIAN WAN
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2021-00975
 (Index No. 54118/12)

[*1]Ester Sosnowik, appellant,
v
Daniel Sosnowik, respondent.

Robert E. Silverberg, Forest Hills, NY, for appellant.
Jeffrey L. Lewisohn, Woodmere, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Kings County (Jeffrey S. Sunshine, J.), dated July 28, 2020. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated October 17, 2018, made after a nonjury trial, awarded the plaintiff maintenance in the sum of $3,500 per month until she reaches the age of 67, or such age that she would qualify for full Social Security benefits, or until her remarriage or the death of either party, determined that certain jewelry is marital property subject to equitable distribution, and failed to direct the defendant to maintain health insurance for the plaintiff.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1998, and have one child together, born in 2001. In October 2012, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial on the issues of, inter alia, maintenance and equitable distribution, the Supreme Court, in a judgment dated July 28, 2020, upon a decision dated October 17, 2018, among other things, awarded the plaintiff maintenance in the sum of $3,500 per month until she reaches the age of 67, or such age that she would qualify for full Social Security benefits, or until her remarriage or the death of either party, determined that certain jewelry is marital property subject to equitable distribution, and failed to direct the defendant to maintain health insurance for the plaintiff. The plaintiff appeals.
"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (D'Iorio v D'Iorio, 135 AD3d 693, 695; see Mahoney v Mahoney, 197 AD3d 638, 639). In cases, like this one, commenced prior to amendments to the Domestic Relations Law effective January 23, 2016 (see L 2015, ch 269, § 4), factors to be considered include "the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of [*2]the marriage in the respective homes of the parties" (Gordon v Gordon, 113 AD3d 654, 655; see Domestic Relations Law former § 236[B][6][a]). "Another factor, which this Court has considered when the marriage has been of long duration, is whether the party seeking maintenance was the primary homemaker and caregiver for the parties' children during the marriage" (D'Iorio v D'Iorio, 135 AD3d at 696). Here, considering the relevant factors, including, inter alia, the parties' age and health, their present and future earning capacities, the standard of living they established during the marriage, the duration of the marriage, the plaintiff's reduced earning capacity, and the equitable distribution of the marital assets, the award of maintenance to the plaintiff in the sum of $3,500 per month until she reaches the age of 67, or such age that she would qualify for full Social Security benefits, or until her remarriage or the death of either party, was a provident exercise of discretion (see Klestadt v Klestadt, 182 AD3d 592, 593; Gorman v Gorman, 165 AD3d 1067, 1070).
Contrary to the plaintiff's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in failing to direct the defendant to maintain health insurance for her (see Carroll v Carroll, 125 AD3d 710, 712; Alleva v Alleva, 112 AD3d 567, 568).
"Property acquired during the marriage is presumed to be marital property, and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property" (Gorman v Gorman, 165 AD3d at 1074; see Domestic Relations Law § 236[B][1][c]). Here, the plaintiff used marital funds to purchase jewelry for herself during the marriage and failed to prove that it was separate property (see Smithie v Smithie, 122 AD3d 719, 720). Accordingly, the Supreme Court properly determined that the jewelry was marital property subject to equitable distribution.
BARROS, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court