Eugene Litman, Respondent, v Phyllis Litman, Appellant.

Second Department, May 31, 1983

### APPEARANCES OF COUNSEL

*Jonas, Libert & Weinstein* (*Kenneth J. Weinstein* and *Richard C. Goldberg* of counsel), for appellant.

*Solerwitz, Solerwitz & Leeds* (*Barbara J. Simon* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

This appeal presents the question of whether a spouse's law practice is subject to equitable distribution upon the dissolution of a marriage. Special Term held that a law practice is not a proper subject for equitable distribution, and thereupon denied the defendant wife's application for funds to enable her to retain experts to determine the value of her husband's law practice. In its decision (*Litman v Litman,* 115 Misc 2d 230), the court stated that since a lawyer is enjoined by the Code of Professional Responsibility of the New York State Bar Association from selling his or her practice (see 22 NYCRR 691.2), it is unfair to subject the practice to equitable distribution upon dissolution of the lawyer's marriage. We disagree.

The Equitable Distribution Law (Domestic Relations Law, § 236, part B) was enacted in recognition of the fact that marriage is, among other things, an economic partnership and, upon its dissolution, property accumulated during the marriage should be distributed in a manner which reflects the individual needs and circumstances of the parties regardless of the name in which such property is held (Governor's memorandum of approval, McKinney's Session Laws of NY, 1980, p 1863). With this end in mind, the Legislature established the "distributive award" (Domestic Relations Law, § 236, part B, subd 1, par b) to cover situations where a division of the actual marital property between the spouses is impracticable, impossible, or illegal (Domestic Relations Law, § 236, part B, subd 5, par e). In such situations, the court may award a sum of money in lieu of an actual distribution of property. That the Legislature established the distributive award to cover situations such as in the instant case is made clear to us by the statutory language: "In any action in which the court shall determine that an equitable distribution is appropriate but * * * where the distribution of an interest in a * * * profession would be contrary to law, the court in lieu of such equitable distribution shall make a distributive award in order to achieve equity between the parties" (Domestic Relations Law, § 236, part B, subd 5, par e).

While it may be difficult to determine the value of the law practice involved herein, nevertheless, in the face of the clear intent of the Legislature, we hold that a law practice is a proper subject for a distributive award. Based upon expert testimony, the trial court will be in a position to arrive at a proper formula for such evaluation appropriate to the facts before it.

Accordingly, defendant's application for expert fees should be granted in the amount of $2,500.

MOLLEN, P. J., WEINSTEIN, BROWN and RUBIN, JJ., concur.

Order of the Supreme Court, Nassau County, dated August 10, 1982, reversed insofar as appealed from, without costs or disbursements, and defendant's application for

funds to enable her to retain experts to evaluate her husband's law practice is granted and she is awarded $2,500 therefor.

[The following page is 701]