■ EDITH S. McDICKEN, Appellant-Respondent, v ANDREW G. McDICKEN, Respondent-Appellant. — In an action for divorce, (1) plaintiff wife appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Vitale, J.), entered March 18, 1983, which, *inter alia,* did not award her the marital residence and limited her maintenance to $200 per week, and (2) defendant husband cross-appeals, as limited by his brief, from stated portions of that judgment which, *inter alia,* awarded plaintiff maintenance of $200 per week, did not set a time when the marital domicile would be sold, and did not make a decision as to ownership of certain property that defendant claimed was his separate property.

Judgment modified, on the law and the facts, by (1) deleting therefrom (a) the fifth and sixth decretal paragraphs which granted defendant sole and exclusive title to and ownership of the shares of MHE Products Corporation and two Jaguars, (b) so much of the fourth decretal paragraph awarding plaintiff exclusive occupancy of the marital domicile as awarded such occupancy "until such time as this Court shall otherwise order" and (c) so much of the third decretal paragraph as ordered defendant to pay $200 per week to plaintiff as maintenance, and (2) adding provisions (a) that the Jaguars and defendant's interest in MHE are marital property subject to equitable distribution and (b) that plaintiff's exclusive occupancy of the marital domicile is to end when the parties' youngest child reaches 21 years of age or is otherwise emancipated, at which time the home is to be sold and the proceeds divided equally between the parties. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. In the interim, defendant shall pay $200 to plaintiff as maintenance, and shall pay the carrying charges on the marital dwelling, exclusive of telephone charges.

Special Term erred when it stated that the two Jaguar automobiles and defendant's share of a business started by him and two other partners were not subject to equitable distribution. Inasmuch as the Jaguars were purchased and the business was started while the parties were married and prior to the commencement of this action, the Jaguars and defendant's interest in the business constitute marital property subject to equitable distribution (*see,* Domestic Relations Law § 236 [B] [1] [c]; *Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918; *Reiner v Reiner,* 100 AD2d 872). That plaintiff made only minimal contributions

to the business and the restoration of the Jaguars is irrelevant to the question of whether they are marital property (*see, Nehorayoff v Nehorayoff,* 108 Misc 2d 311). Under the circumstances, plaintiff wife was entitled to a share of those assets.

This court has the authority to determine whether marital property shall be distributed or a distributive award shall be made in lieu of, or to supplement, facilitate or effectuate a distribution of marital property (*Kobylack v Kobylack,* 62 NY2d 399; *Majauskas v Majauskas,* 61 NY2d 481). As actual division of the business and the Jaguars would be impractical, Special Term should have made a distributive award to plaintiff (*Litman v Litman, supra*). We are not in a position to make the award because insufficient evidence was adduced at trial concerning the value of the Jaguars and defendant's share of the business. In order to properly determine the value of these assets, it is necessary to remit the matter to Special Term (*see, Rubin v Rubin,* 105 AD2d 736). After arriving at an accurate valuation of these marital assets, Special Term should make findings of fact in accordance with the factors enumerated in Domestic Relations Law § 236 (B) (5) (d), determine plaintiff's equitable share of the value of the Jaguars and defendant's business, and effectuate a distribution thereof. Since that distribution may affect plaintiff's future income, Special Term should take it into account in fixing the amount of maintenance.

Upon remittitur, Special Term, in its discretion, may wish to make an award to plaintiff for the purpose of retaining an expert to assist her in ascertaining the value of her interest in the Jaguars and defendant's share of the business (*see, D'Amato v D'Amato,* 96 AD2d 849).

Special Term abused its discretion when it ordered that plaintiff is to have exclusive occupancy of the marital domicile until "such time as this Court shall otherwise order". We modify the judgment and grant plaintiff possession of the marital premises until the parties' youngest child is 21 or otherwise emancipated (*see, Troiano v Troiano,* 87 AD2d 588). At that time, exclusive possession should end and the house should be sold and the proceeds divided.

At trial, defendant submitted a list of items which he claimed were his personal property which had been left in the marital domicile. Special Term erroneously failed to make a determination regarding the ownership of these items. Upon remittitur, Special Term should make such a determination.

We have examined the other contentions of the parties and find them to be without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.