■ RICHARD SWEENEY, Respondent, v KATHLEEN SWEENEY, Appellant.—In a matrimonial action, the defendant's wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (McGinity, J.), entered September 5, 1984, which, after a nonjury trial, inter alia, failed to award her a distributive share of the plaintiff husband's medical practice, failed to direct that the plaintiff husband maintain life insurance for her benefit, failed to award her counsel fees, directed that she maintain her own medical and hospital insurance, and awarded her only $2,500 per month as maintenance.

Judgment reversed, insofar as appealed from, without costs or disbursements, the first, second and third decretal paragraphs, and so much of the fourth decretal paragraph as directed the defendant to pay her own counsel fees, are deleted, and matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Pending a new hearing and determination as to maintenance, the plaintiff shall continue to pay the defendant the sum of $2,500 per month as temporary maintenance.

Professional practices are marital property, and consequently the defendant wife here was entitled to a distributive share of the plaintiff's medical practice (Domestic Relations Law § 236 [B] [5] [e]; Litman v Litman, 93 AD2d 695, affd 61 NY2d 918; Arvantides v Arvantides, 64 NY2d 1033; cf. O'Brien v O'Brien, 66 NY2d 576). In view of the fact that the trial court failed to consider the plaintiff's medical practice as marital property, and failed to make a distributive award thereof, the matter must be remitted for a new hearing and determination as to the equitable distribution of property. Further, in light of our determination that the distributive award must be disturbed, we conclude that there should be a new hearing and determination on all of the issues raised on the appeal. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.