■ JEROME LEFTOW, Respondent-Appellant, v ARLENE C. LEFTOW, Appellant-Respondent.—In a matrimonial action, the parties appeal and cross-appeal, as limited by their briefs, from stated portions of a judgment of the Supreme Court, Nassau County (Christ, J.), entered May 10, 1984, which, *inter alia,* directed the sale of the marital home and awarded 65% of the proceeds of the sale to the defendant wife and 35% to the plaintiff husband, representing their equitable shares in the marital property; awarded the wife $75 per week in child support, $100 per week in maintenance, and $3,500 in counsel fees; failed to direct the plaintiff husband to provide medical, dental and life insurance coverage for the wife and the parties' child; failed to include the husband's law practice as part of the parties' marital property; failed to direct the husband to provide for the child's college education; and failed to make an equitable distribution of the parties' personal property.

Judgment reversed, insofar as appealed and cross-appealed from, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

In determining the financial issues of this divorce action, Special Term found that the parties' home was their only marital asset subject to equitable distribution. Subsequent to the time this action was tried, it was held that a law practice is subject to equitable distribution upon the dissolution of a marriage *(see, Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918; *Van Ess v Van Ess,* 100 AD2d 848). Because the plaintiff husband's law practice was apparently not included in the parties' marital property, we decline to pass upon the substantive issues raised by these appeals. Rather, we remit the matter for a new determination on the issue of equitable distribution of the marital property and the related issues of maintenance, child support and insurance coverage. Should the court receive adequate information regarding the parties' personal property, a distribution of that property would also be appropriate. Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.