■ In the Matter of YANICK JOSEPH, Respondent, v KESLER DALMACY, Appellant. [704 NYS2d 667] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated January 4, 1999, which denied his objections to an order of the same court (Watson, H.E.), dated July 1, 1998, which, after a hearing, *inter alia*, imputed income to him in the sum of $150,000 per year and set his child support obligation at $494.95 per week.

Ordered that the order dated January 4, 1999, is reversed, on the law, without costs or disbursements, the order dated July 1, 1998, is vacated, and the matter is remitted to the Family Court, Nassau County, for a new hearing to determine the respondent's child support obligation; and it is further,

Ordered that pending further order of the Family Court, Nassau County, the appellant shall pay the sum of $297.27 per week as child support.

While a court has the authority to determine the amount of a party's child support obligation based upon that party's earning potential rather than his or her current economic situation, such a determination must have some basis in law and fact (*see, Petek v Petek,* 239 AD2d 327; *Martusewicz v Martusewicz,* 217 AD2d 926). In the present case, the mother failed to present sufficient evidence in admissible form that the father's earning capacity far exceeded the income he established at the hearing. Therefore, the matter is remitted to the Family Court, Nassau County, for a new hearing to determine the father's

child support obligation. Pending further order of the Family Court, the father shall continue paying $297.27 per week as child support pursuant to a prior temporary support order. Krausman, J. P., H. Miller, Schmidt and Smith, JJ., concur.