■ JOSEPH D'AMICO, Appellant, v JOHANNA D'AMICO, Respondent. [887 NYS2d 675]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (MacKenzie, J.), entered February 13, 2008, which, upon a decision of the same court dated August 22, 2007, made after a nonjury trial, inter alia, awarded the defendant child support in the sum of $280.91 per week, awarded the defendant a share of his pension without regard to tax consequences, and awarded a Chevrolet Impala to the defendant as her separate property.

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof awarding the defendant child support in the sum of $280.91 per week, and the Chevrolet Impala as her separate property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The plaintiff, Joseph D'Amico, and the defendant, Johanna D'Amico, were married on August 11, 1989, and have two children. In December 2004 the plaintiff commenced this action for a divorce and ancillary relief.

"[W]hile this court has recognized that the value of a pension should be discounted by the amount of income tax required to be paid by a party, where the party seeking the discount fails to present any evidence from which the court could have determined the dollar amount of the tax consequences, the computation of the award without regard to tax consequences will be deemed proper" (*Chase v Chase,* 208 AD2d 883, 884 [1994]; *see De La Torre v De La Torre,* 183 AD2d 744 [1992]; *see also Malin v Malin,* 172 AD2d 721 [1991]; *Gluck v Gluck,* 134 AD2d 237 [1987]). Since the plaintiff did not produce any evidence showing the dollar amount of the tax consequences, the Supreme Court did not err in distributing his Local 282 pension without regard to tax consequences.

However, the Supreme Court erred in calculating the plaintiff's child support obligation based on an imputed income of

$2,000 per month. While a court may determine a child support obligation on the basis of a party's earning potential, rather than the party's current economic situation, the calculation of the party's earning potential must have some basis in law and fact (*see Matter of Joseph v Dalmacy,* 270 AD2d 489 [2000]; *Petek v Petek,* 239 AD2d 327, 328 [1997]). Here, there was no evidence in the record that the plaintiff could actually earn an income of $2,000 per month (*see Gezelter v Shoshani,* 283 AD2d 455, 456-457 [2001]; *Petek v Petek,* 239 AD2d at 328). Accordingly, we remit this matter to the Supreme Court, Suffolk County, for a recalculation of the plaintiff's child support obligation.

Further, since the 2003 Chevrolet Impala was purchased while the parties were married and prior to the commencement of this action, the vehicle is marital property subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [c]; *McDicken v McDicken,* 109 AD2d 734 [1985]; *Litman v Litman,* 93 AD2d 695 [1983], *affd* 61 NY2d 918 [1984]). Thus, the Supreme Court erred in awarding the Chevrolet Impala to the defendant as her separate property, and the plaintiff is entitled to an award for his share of the vehicle. Although "[t]his court has the authority to determine whether marital property shall be distributed or a distributive award shall be made in lieu of, or to supplement, facilitate or effectuate a distribution of marital property" (*McDicken v McDicken,* 109 AD2d at 735; *Kobylack v Kobylack,* 62 NY2d 399 [1984]; *Majauskas v Majauskas,* 61 NY2d 481 [1984]), we are not in a position to make an award because insufficient evidence was adduced at trial concerning the value of the Chevrolet Impala. Accordingly, we also remit this matter to the Supreme Court, Suffolk County, for a determination of the value of the Chevrolet Impala and an appropriate distribution thereof (*see* Domestic Relations Law § 236 [B] [5] [d]; *McDicken v McDicken,* 109 AD2d at 735). Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.