(August 16, 2011)

■ DAGOBERTO CABRAL, Appellant, v LUZ CABRAL, Respondent. [929 NYS2d 155]—

The parties were married on January 24, 1980, and have three children, born in 1980, 1982, and 1989. During the marriage, the parties purchased the marital residence in Westchester County, as well as a vacation residence in the Dominican Republic. Beginning in 1983, the defendant was employed by Westchester County, in which position she received a salary and accrued pension benefits. In 1986, the plaintiff obtained an insurance license and opened an agency selling insurance policies and providing financial and other services. The plaintiff was incarcerated from 1991 to 1994 upon his conviction of felony drug charges, and his insurance license was revoked. The plaintiff testified at trial that prior to his incarceration, he liquidated a retirement benefit and used the proceeds to provide a source of income to the defendant and the parties' children. The defendant continued operation of the agency during the plaintiff's incarceration, and during that time federal tax liens were levied against the agency. The plaintiff also testified that after he was released from prison, the defendant refused to allow him to return to work at the agency in any capacity. Thereafter, the plaintiff did obtain full-time employment, albeit at an annual salary which was significantly less than what he earned as an insurance broker.

In 2001, the plaintiff commenced this action for a divorce. Due to the defendant's failure to comply with pretrial discovery orders, she was precluded from offering evidence at trial on the issue of equitable distribution.

The Supreme Court erred in failing to include the defendant's income from the insurance agency in calculating her income or assets, thereby allowing her to benefit from her failure to comply with discovery and shielding her insofar as the income related to equitable distribution (*cf. Gleicher v Gleicher*, 303 AD2d 549, 550 [2003]).

The defendant's income was also improperly omitted in the calculation of child support (*see* Domestic Relations Law § 240 [1-b] [c]; *La Porte v La Porte*, 263 AD2d 585, 588 [1999]) and in the apportionment of the debt incurred by the parties' insurance agency (*see Wexler v Wexler*, 34 AD3d 458 [2006]).

The Supreme Court should have included the defendant's

pension benefits which accrued prior to the commencement date of the action in the equitable distribution of marital property (*see Kaplan v Kaplan*, 82 NY2d 300, 306 [1993]; *Olivo v Olivo*, 82 NY2d 202, 207 [1993]; *Majauskas v Majauskas*, 61 NY2d 481, 491-492 [1984]; *Pagliaro v Pagliaro*, 31 AD3d 728, 729-730 [2006]).

Finally, under the particular circumstances of this case, and in the absence of any evidence demonstrating that the plaintiff had the ability to earn a salary approaching his previous income, the Supreme Court improperly imputed annual income to him in the sum of $85,000 as part of its calculation of child support (*see D'Amico v D'Amico*, 66 AD3d 951, 951-952 [2009]; *Gezelter v Shoshani*, 283 AD2d 455, 456-457 [2001]; *Petek v Petek*, 239 AD2d 327, 328 [1997]; *cf. Matter of Knights v Knights*, 71 NY2d 865 [1988]; *Matter of Nieves-Ford v Gordon*, 47 AD3d 936 [2008]). Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.