■ DAGOBERTO CABRAL, Respondent, v LUZ CABRAL, Appellant. [998 NYS2d 111]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated September 18, 2012, as awarded her retroactive child support in the sum of only $147 per week, awarded the plaintiff the sum of $17,348.80 representing his overpayment of child support, awarded the plaintiff equitable distribution in the sum of $129,175, representing one half of the annual business income from the parties' insurance business from May 1, 2001, through May 31, 2012, directed that a federal tax lien levied on the parties' business was to be shared equally, and awarded the plaintiff one half of the value of her pension from the date of the marriage through the date of the commencement of the action, and

(2) from a money judgment of the same court dated January 2, 2013, which is in favor of the plaintiff and against her in the principal sum of $146,523.80.

Ordered that the judgment dated September 18, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the money judgment dated January 2, 2013, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In this long-term marriage, both parties made significant contributions to the marriage. The plaintiff established an insurance agency and developed it as a source of the family's income, and the defendant was employed by Westchester County. The plaintiff's insurance license was revoked in 1991 after he was convicted of felony drug charges, but the defendant continued to derive income from the agency, and obtained her own insurance license in 1997. Under these circumstances, the Supreme Court providently exercised its discretion in dividing the income from the insurance agency, and the pension which resulted from the defendant's employment with the County, equally between the parties for purposes of equitable distribution (*see Steinberg v Steinberg*, 59 AD3d 702, 703 [2009]; *Adjmi v Adjmi*, 8 AD3d 411, 412 [2004]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in declining to impute income to the plaintiff for the purpose of calculating his child support obligation (*see Cabral v Cabral*, 87 AD3d 605, 606-607 [2011]).

The Supreme Court properly awarded the plaintiff the sum of $17,348.80, representing his overpayment of child support, as the overpayment was made pursuant to a judgment that was later reversed on appeal (*see Cabral v Cabral*, 87 AD3d at 606; *see also People ex rel. Breitstein v Aaronson*, 3 AD3d 588, 589 [2004]).

This Court has also previously held that the defendant's pension benefits which accrued prior to the commencement date of the action should have been included in the equitable distribution of marital property, and that the Supreme Court should have apportioned a federal tax lien levied against the parties' insurance agency (*see Cabral v Cabral*, 87 AD3d at 606). Accordingly, the defendant's contentions with regard to the court's apportionment of her pension benefits which accrued during the marriage, and the apportionment of the federal tax lien, are without merit.

The defendant's remaining contentions are without merit. Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.