■ Jay Sanford Osman, Respondent, v Joyce Regina Osman, Appellant. [37 NYS3d 564]—

Appeal by the defendant from stated portions of an amended judgment of divorce of the Supreme Court, Suffolk County (William J. Kent, J.), dated March 19, 2014. The amended judgment, upon a decision of that court dated December 11, 2013, made after a nonjury trial, inter alia, (a) directed the plaintiff to pay the defendant maintenance in the sum of only $2,000 per month for six years, retroactive to December 16, 2009, (b) directed the plaintiff to maintain life insurance and/or death benefits in the amount of only $96,000, naming the defendant as irrevocable beneficiary, with annual reduced principal amounts until the maintenance arrears are paid, (c) directed the defendant to pay 20% of a college loan obligation of $173,278.62 in the plaintiff's name, (d) declined to equitably distribute certain business interests of the plaintiff, and (e) declined to award the defendant an attorney's fee.

Ordered that the amended judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof directing the plaintiff to pay the defendant maintenance in the sum of $2,000 per month for six years, retroactive to December 16, 2009, and substituting therefor a provision directing the plaintiff to pay the defendant maintenance in the sum of $2,500 per month for eight years, retroactive to December 16, 2009; (2) by deleting the provision thereof directing the plaintiff to maintain life insurance and/or death benefits in the amount of $96,000, naming the defendant as irrevocable beneficiary, with annual reduced principal amounts until the maintenance arrears are paid, and substituting therefor a provision directing the plaintiff to maintain life insurance and/or death benefits in the total amount of the plaintiff's past and future maintenance obligation, naming the defendant as irrevocable beneficiary, with annual reduced principal amounts until the plaintiff's total past and future maintenance obligation is paid; and (3) by deleting the provi-

sion thereof directing the defendant to pay 20% of the college loan obligation of $173,278.62 in the plaintiff's name, and substituting therefor a provision determining that the defendant is not liable for that obligation; as so modified, the amended judgment is affirmed insofar as appealed from, with costs to the defendant.

The parties were married in 1980. In 2007, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, the Supreme Court issued an amended judgment of divorce which, inter alia, directed the plaintiff to pay the defendant maintenance in the sum of $2,000 per month for six years, retroactive to December 16, 2009. The defendant appeals from stated portions of the amended judgment.

We agree with the defendant's contention that the maintenance award is inadequate. During the course of the 27-year marriage, the defendant was primarily a stay-at-home mother after the birth of the parties' daughter. The defendant requested maintenance in the sum of $5,000 per month for eight years. In light of the length of the marriage, the parties' ages and lifestyle during the marriage, the defendant's limited employment history, and the parties' financial circumstances, the Supreme Court improvidently exercised its discretion in directing the plaintiff to pay the defendant maintenance in the sum of only $2,000 per month for six years (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 50-52 [1995]; *Hymowitz v Hymowitz*, 119 AD3d 736, 742 [2014]; *Marley v Marley* 106 AD3d 961, 962 [2013]). Under the circumstances, the court should have awarded the defendant maintenance for the requested period of eight years, retroactive to December 16, 2009, and in the sum of $2,500 per month.

In addition, the Supreme Court should have directed the plaintiff to obtain life insurance and/or death benefits in an amount sufficient to secure the total amount of his past and future unpaid maintenance obligation (*see* Domestic Relations Law § 236 [B] [8] [a]; *Hartog v Hartog*, 85 NY2d at 50).

The Supreme Court also improvidently exercised its discretion in apportioning to the defendant 20% of a college loan obligation incurred in the plaintiff's sole name for the children's college educations. To the extent that the debt was incurred during the marriage, the plaintiff was the sole wage-earner when those obligations were incurred. Further, any obligations incurred by him after the commencement of this action were voluntarily incurred for the support of his children which, under these circumstances, are not recoverable by him (*see McKay v Groesbeck*, 117 AD3d 810, 811 [2014]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in declining to equitably distribute certain business interests of the plaintiff since there was insufficient evidence that such interests were owned by the plaintiff, or still existed, or had value at the time of the commencement of this action (see Sutaria v Sutaria, 123 AD3d 909 [2014]; Antoian v Antoian, 215 AD2d 421, 422 [1995]).

Contrary to the defendant's contention, the Supreme Court properly denied her application for an award of an attorney's fee since her application was not supported with necessary documentation (see Domestic Relations Law § 237; 22 NYCRR 202.16 [k]).

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.