■ Larry Katz, Respondent, v Marna Katz, Appellant. [60 NYS3d 418]—

Appeal by the defendant, as limited by her brief, from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), entered June 19, 2014. The judgment, upon a decision of that court dated February 11, 2014, made after a nonjury trial, inter alia, (1) directed that upon entry of the judgment of divorce, the defendant would receive maintenance in the sum of only $400 per week until the sale of the marital residence, to increase to the sum of $600 per week upon the closing of title on the sale of the marital residence, continuing through the week the defendant attains the age of 66, (2) directed that certain insurance

proceeds were to be equally divided, and that the sum of $15,000 in insurance proceeds would be charged against the defendant's share of the proceeds from the sale of the marital residence, (3) directed that the defendant's share of the plaintiff's interest in Katz & Koutsantanou, CPA, P.C., was 30% of the net asset value, amounting to the sum of $90,000, and that $30,000 of that amount would be deemed paid by the plaintiff assuming full responsibility for the parties' home equity line of credit, and (4) awarded the defendant the sum of only $500 for reimbursement of veterinary bills.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the defendant maintenance upon entry of the judgment of divorce in the sum of $400 per week until the sale of the martial residence, to increase to the sum of $600 per week upon the closing of title on the sale of the marital residence, continuing through the week the defendant attains the age of 66, and substituting therefor a provision awarding the defendant maintenance upon entry of the judgment of divorce in the sum of $800 per week, to continue through the week the defendant attains the age of 66, (2) by deleting the provision thereof directing that the sum of $15,000 in insurance proceeds shall be charged against the defendant's share of the proceeds from the sale of the marital residence, and (3) by deleting the provision thereof awarding the defendant the sum of $500 for reimbursement of veterinary bills and substituting therefor a provision awarding the defendant the sum of $9,751 for reimbursement of veterinary bills; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on August 18, 1979. In December 2008, the plaintiff commenced this action for a divorce and ancillary relief. The defendant appeals from stated portions of the judgment of divorce related to maintenance and equitable distribution.

A court may order maintenance in such amount as justice requires (*see* Domestic Relations Law former § 236 [B] [6] [a]). Factors to be considered by the court in awarding maintenance include, inter alia, the income and property of the parties, the duration of the marriage, the age and health of the parties, the present and future earning capacity of the parties, the equitable distribution of marital property, and the contributions and services of the party seeking maintenance as a spouse, parent, wage earner and homemaker (*see id.*; *Marin v Marin*, 148 AD3d 1132, 1135 [2017]). Here, considering, inter alia, the

duration of the marriage, the parties' ages, health, and lifestyle during the marriage, the defendant's limited employment history, and the parties' financial circumstances, the Supreme Court improvidently exercised its discretion in awarding the defendant maintenance in the sums provided (*see Marin v Marin*, 148 AD3d at 1135; *Osman v Osman*, 142 AD3d 978, 979 [2016]; *Merrick v Merrick*, 132 AD3d 742, 743 [2015]). Under the circumstances, the court should have awarded the defendant maintenance in the sum of $800 per week upon the entry of the judgment of divorce, continuing through the week the defendant attains the age of 66.

Domestic Relations Law § 236 provides that "[m]arital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties" (Domestic Relations Law § 236 [B] [5] [c]; *see Fields v Fields*, 15 NY3d 158, 170 [2010]). In determining an equitable disposition of property, the court must consider numerous factors including, inter alia, the income and property of each party at the time of the marriage and at the time of commencement of the divorce action, the duration of the marriage, the age and health of the parties, and any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the nontitled spouse (*see* Domestic Relations Law § 236 [B] [5] [d]). Here, the Supreme Court providently exercised its discretion in awarding the defendant a 30% share of the net asset value of the plaintiff's interest in Katz & Koutsantanou, CPA, P.C. The 30% share took into account the defendant's direct and indirect involvement in the firm, including her contributions as the primary caretaker for the parties' children (*see Sutaria v Sutaria*, 123 AD3d 909, 910 [2014]; *Baron v Baron*, 71 AD3d 807, 809 [2010]; *Griggs v Griggs*, 44 AD3d 710, 713 [2007]; *Ventimiglia v Ventimiglia*, 307 AD2d 993, 994 [2003]).

As the defendant sufficiently established that certain insurance proceeds went towards repairing or replacing items in the marital residence which was damaged by Hurricane Sandy, the Supreme Court improvidently directed that $15,000, representing the amount of insurance proceeds which the defendant took possession of, be charged against the defendant's share of the proceeds from the sale of the martial residence.

Under the circumstances of this case, the Supreme Court improvidently determined that veterinary expenses incurred by the defendant were not reasonable. Accordingly, the court should have awarded the defendant the sum of $9,751 as reimbursement for veterinary expenses.

The defendant's remaining contentions are without merit.

The plaintiff's request for affirmative relief is not properly before this Court, since he did not cross-appeal from the judgment of divorce (*see Furino v O'Sullivan*, 137 AD3d 1208, 1211 [2016]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.