Klestadt v Klestadt (2020 NY Slip Op 02466)





Klestadt v Klestadt


2020 NY Slip Op 02466


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-06684
 (Index No. 202402/14)

[*1]Tracy L. Klestadt, respondent-appellant,
v
Stacy E. Klestadt, etc., appellant-respondent.


The Law Office of Vessa Wilensky, P.C. (Glenn S. Koopersmith, Garden City, NY of counsel), for appellant-respondent.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Stephen Gassman and Deborah A. Kelly of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered May 1, 2017. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated March 30, 2017, made after a nonjury trial, and upon an order of the same court, also dated March 30, 2017, inter alia, (1) directed the plaintiff to pay taxable maintenance to the defendant in the sum of $12,500 per month for a period of only seven years, with such maintenance obligation to terminate upon the defendant's remarriage or the death of either party, (2) awarded the defendant the sum of $434,000, representing only 20% of the fair market value of the plaintiff's interest in his law firm, and (3) directed the plaintiff to pay only $75,000 toward the defendant's counsel fee obligation. The judgment of divorce, insofar as cross-appealed from, denied the plaintiff's application for a credit for alleged overpayment of pendente lite obligations.
ORDERED that the judgment of divorce is modified, on the law and the facts, (1) by deleting the provision thereof directing the plaintiff to pay taxable maintenance to the defendant in the sum of $12,500 per month for a period of seven years, with such maintenance obligation to terminate upon the defendant's remarriage or the death of either party, and substituting therefor a provision directing the plaintiff to pay taxable maintenance to the defendant in the sum of $12,500 per month until the earliest of the defendant's remarriage, her attainment of the age at which she becomes eligible for full Social Security benefits, or the death of either party, and (2) by deleting the provision thereof awarding the defendant the sum of $434,000, representing 20% of the fair market value of the plaintiff's 70% interest in his law firm, and substituting therefor a provision awarding the defendant the sum of $759,500, representing 35% of the fair market value of the plaintiff's 70% interest in his law firm; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married in 1988, and have two children who are now emancipated. The plaintiff commenced this action for a divorce and ancillary relief in August 2014. The parties later stipulated that the defendant should be awarded a divorce. After a nonjury trial with respect to, inter alia, the equitable distribution of certain assets, a judgment of divorce was entered on May [*2]1, 2017. The defendant appeals, and the plaintiff cross-appeals, from stated portions of the judgment of divorce.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding her durational, as opposed to lifetime, maintenance (see Gorman v Gorman, 165 AD3d 1067, 1070). However, rather than providing for a durational limitation of seven years and directing that the maintenance obligation would terminate upon the defendant's remarriage or the death of either party, under the circumstances of this case, the maintenance award should continue until the earliest of the defendant's remarriage, her attainment of the age at which she becomes eligible for full Social Security benefits, or the death of either party (see Gorman v Gorman, 165 AD3d at 1070; Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1351; Repetti v Repetti, 147 AD3d 1094, 1097).
Furthermore, in view of the defendant's direct contributions to the plaintiff's business, as well as her indirect contributions as a homemaker and primary caregiver for the parties' children in this long-term marriage, we find that the Supreme Court's award of 20% of the fair market value of the plaintiff's interest in his law firm was an improvident exercise of discretion, and modify the judgment by increasing the amount to 35%, or $759,500 (see Katz v Katz, 153 AD3d 912, 914; Repetti v Repetti, 147 AD3d at 1098).
"An award of an attorney's fee pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Chaudry v Chaudry, 95 AD3d 1058, 1059, quoting Morrissey v Morrissey, 259 AD2d 472, 473). "In determining whether to award final counsel fees at the end of trial, a more detailed inquiry is warranted and the court must review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions'" (Duval v Duval, 144 AD3d 739, 743, quoting DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). "The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation'" (Fredericks v Fredericks, 85 AD3d 1107, 1108, quoting Prichep v Prichep, 52 AD3d 61, 64). Here, the Supreme Court did not improvidently exercise its discretion in awarding the defendant only $75,000 in counsel fees, as the plaintiff had paid $110,000 to the defendant's counsel pendente lite, and the defendant's unwarranted economic demands precluded settlement and protracted the trial.
The parties' remaining contentions are without merit.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court