Giasemis v Giasemis (2020 NY Slip Op 05491)





Giasemis v Giasemis


2020 NY Slip Op 05491


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-00880
 (Index No. 27290/05)

[*1]Christina Giasemis, respondent 
v
Peter Giasemis, appellant.


Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn, NY, for appellant. 
Cassandra & Gullo, PLLC, Brooklyn, NY (Jennifer M. Cassandra of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated September 6, 2007, the defendant appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated August 1, 2017. The order granted the plaintiff's cross motion for an award of attorney's fees to the extent of awarding the plaintiff attorney's fees in the sum of $7,500.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's cross motion for an award of attorney's fees is denied in its entirety.
The facts underlying this appeal are set forth in our decision and order on a previous appeal (see Giasemis v Giasemis, 139 AD3d 794).
The defendant filed a motion for certain relief, which is not at issue in this appeal. In November 2016, the plaintiff cross-moved for an award of attorney's fees in the amount of $20,011.97. The plaintiff subsequently amended the request set forth in her cross motion to seek an award of attorney's fees in the amount of $26,622.45. In an order dated August 1, 2017, the Supreme Court granted the plaintiff's cross motion to the extent of awarding her attorney's fees in the sum of $7,500. The defendant appeals.
"The decision to award an attorney's fee in a matrimonial action 'lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as the trial court's is'" (Tarantina v Gitelman, 136 AD3d 663, 663, quoting O'Brien v O'Brien, 66 NY2d 576, 590; see Domestic Relations Law § 237; Licostie v Licostie, 171 AD3d 1153). "The purpose of Domestic Relations Law § 237(a) is to redress the economic disparity between the monied spouse and the nonmonied spouse by ensuring that the latter will be able to litigate the action on equal footing with the former" (Brockner v Brockner, 174 AD3d 567, 568; see Prichep v Prichep, 52 AD3d 61, 64-65). "In exercising [its] discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation" (Piccininni v Piccininni, 176 AD3d 880, 881; see Jankovic v Jankovic, 170 AD3d 1134, 1135; Prichep v Prichep, 52 AD3d at 65).
Here, considering the equities and circumstances of this case, including the parties' respective financial positions, the fact that they both engaged in extensive motion practice and settled their differences without a hearing, and the plaintiff's failure to demonstrate that she was financially unable to compensate her counsel, we find that the Supreme Court improvidently exercised its discretion in awarding attorney's fees to the plaintiff (see Domestic Relations Law § 238; see e.g. Evelyn v Evelyn, 168 AD3d 911, 912-913; cf. Candea v Candea, 173 AD3d 663, 667; Gahagan v Gahagan, 172 AD3d 1008, 1010).
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court