Weiss v Nelson (2021 NY Slip Op 04573)





Weiss v Nelson


2021 NY Slip Op 04573


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-07254
 (Index No. 201145/15)

[*1]Ileen Weiss, appellant, 
v
Robert Nelson, respondent.


Schlissel Ostrow Karabatos PLLC, Garden City, NY (Jeanine M. Rooney and Arnold S. Klein of counsel), for appellant.
Dalia Zaza, Manhasset, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered November 16, 2017. The judgment, insofar as appealed from, upon an amended decision of the same court entered July 11, 2017, made after a nonjury trial, directed the defendant to pay taxable maintenance to the plaintiff in the sum of only $1,500 per month until the plaintiff reaches the age of 62, until the plaintiff's remarriage, or until the death of either party, directed the posttrial valuation of Feng Shui Institute, LLC, the plaintiff's business, and awarded the defendant a credit of 50% of the value of that business as of the date of commencement of the action, awarded the defendant 50% of the value of certain stock owned by the plaintiff, and directed the defendant to pay only 70% of the plaintiff's counsel fees.
ORDERED that the judgment of divorce is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing the defendant to pay taxable maintenance to the plaintiff in the sum of $1,500 per month until the plaintiff reaches the age of 62, until the plaintiff's remarriage, or until the death of either party, and substituting therefor a provision directing the defendant to pay taxable maintenance to the plaintiff in the sum of $3,500 per month until the earliest of her attainment of the age at which she becomes eligible for full Social Security retirement benefits, the plaintiff's remarriage, or the death of either party; and (2) by deleting the provisions thereof directing the posttrial valuation Feng Shui Institute, LLC, the plaintiff's business, and awarding the defendant a credit of 50% of the value of that business as of the date of commencement of the action; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on June 14, 1987. There are three children of the marriage, all of whom are now emancipated. The plaintiff commenced this action for a divorce and ancillary relief on April 27, 2015.
A nonjury trial was held over four days between February 27, 2017, and March 24, 2017. In an amended decision after trial entered July 11, 2017, the Supreme Court found the defendant's testimony to be more credible than that of the plaintiff. The court issued a judgment of divorce entered November 16, 2017, which among other things, imputed an annual income to the plaintiff of $80,000, directed the defendant to pay taxable maintenance to the plaintiff in the sum of $1,500 per month until the plaintiff reaches the age of 62, directed the posttrial valuation of Feng Shui Institute, LLC, the plaintiff's business, and awarded the defendant 50% of that value, awarded the defendant 50% of the value of the plaintiff's LVMHF stock, and directed the defendant to pay [*2]70% of the plaintiff's counsel fees.
"'A court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Nerayoff v Rokhsar, 168 AD3d 1071, 1077, quoting Steinberg v Steinberg, 59 AD3d 702, 705). However, while a court may impute income based upon earning potential, "the calculation of the party's earning potential must have some basis in law and fact" (D'Amico v D'Amico, 66 AD3d 951, 952). "While a court is afforded considerable discretion in determining whether to impute income to a [party], a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (Marino v Marino, 183 AD3d 813, 817-818 [internal quotation marks omitted]). Here, the Supreme Court improvidently exercised its discretion by imputing an annual income of $80,000 to the plaintiff when calculating her maintenance award. During this 28-year marriage, notwithstanding her college degree and various certifications, the plaintiff, who was 55 years old at the time of trial, had been a stay at home mother and homemaker for almost 10 years and had never earned more than $19 per hour from employment upon returning to work outside the home, while the defendant was the primary wage earner for the family and earned a substantial income. Moreover, the plaintiff's business was not a financial success. Based upon the record, there was no evidence that the plaintiff's past income or demonstrated future earning potential amounted to $80,000 annually. Accordingly, under the facts of this case, the court should have imputed an annual income to the plaintiff in the amount of $35,000.
Here, the Supreme Court also improvidently exercised its discretion in awarding maintenance to the plaintiff in the sum of only $1,500 per month until she reaches 62 years of age.
"'The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts'" (Strohli v Strohli, 174 AD3d 938, 942, quoting Culen v Culen, 157 AD3d 926, 928; see D'Alauro v D'Alauro, 150 AD3d 675, 676). "In cases such as this one, commenced prior to January 23, 2016 (see L 2015, ch 269, § 4), factors to be considered are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to become self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (Strohli v Strohli, 174 AD3d at 942-943; see Domestic Relations Law former § 236[B][6][a]; Gordon v Gordon, 113 AD3d 654, 654-655).
Considering the relevant factors, an award of taxable maintenance in the sum of $3,500 per month until the earliest of the plaintiff's attainment of the age at which she becomes eligible for full Social Security retirement benefits, her remarriage, or the death of either party is appropriate (see Klestadt v Klestadt, 182 AD3d 592, 593-594; Gorman v Gorman, 165 AD3d 1067, 1070; Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1351). This was a long-term marriage of 28 years, where the plaintiff and the defendant were 55 and 56 years old, respectively, at the time of trial. The defendant was the primary wage earner throughout the marriage, earning well over $200,000 annually at the time of commencement of the action, while the plaintiff had not earned any significant income upon returning to the work force, having been a stay at home mother with the parties' three children for almost 10 years. The defendant disagreed with the plaintiff's excessive spending and testified to examples of it. The defendant claimed that the plaintiff did not significantly contribute to the parties' finances which caused stress during the marriage. However, this was the lifestyle of the parties during their marriage; economic decisions made during their marriage should not be second guessed by the Supreme Court (see generally Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421; Achuthan v Achuthan, 179 AD3d 751, 757).
The Supreme Court also erred in directing the posttrial valuation of the plaintiff's business and awarding the defendant 50% of that value. The defendant, as the party seeking an interest in the business, failed to submit evidence as to the value of the business (see Repetti v Repetti, 147 AD3d 1094, 1098-1099; Post v Post, 68 AD3d 741, 743). Therefore, the court should not have directed a posttrial valuation, and should not have awarded the defendant any portion of the value of the plaintiff's business.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in awarding the defendant 50% of the value of her LVMHF stock. Separate property that is commingled with marital property loses its separate character, and here, the plaintiff failed to overcome the presumption that her commingled separate property was converted to marital property (see Goldman v Goldman, 131 AD3d 1107, 1108).
"'The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court'" (Zehner v Zehner, 186 AD3d 784, 786, quoting Klein v Klein, 178 AD3d 802, 805). "'In exercising [its] discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation'" (Giasemis v Giasemis, 187 AD3d 718, 719, quoting Piccininni v Piccininni, 176 AD3d 880, 881). Considering the relative financial circumstances of the parties, including the award of maintenance to the plaintiff and the equal division of the parties' marital assets, under the circumstances of this case, the Supreme Court providently exercised its discretion in directing the defendant to pay only 70% of the plaintiff's counsel fees.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court