Vilca v Kim (2022 NY Slip Op 00215)





Vilca v Kim


2022 NY Slip Op 00215


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-01265
 (Index No. 52367/16)

[*1]Raul Luis Vilca, respondent,
v
Natalia Kim, appellant.


Natalia Kim, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated November 27, 2018. The order, in effect, granted the defendant's motion for an award of attorneys' fees only to the extent of awarding her attorneys' fees in the sum of $5,000.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married in 2011 and have no children together. The plaintiff commenced this action for a divorce and ancillary relief in May 2016. The defendant initially retained an attorney to represent her in this action, but she eventually terminated the representation and proceeded to trial pro se. The defendant also retained a different firm prior to the commencement of this action to pursue relief in the Family Court. After the trial in this action, the defendant moved for an award of attorneys' fees. In an order dated November 27, 2018, the Supreme Court, in effect, granted the motion to the extent of awarding the defendant attorneys' fees in the sum of $5,000. The defendant appeals.
"'The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court'" (Weiss v Nelson, 196 AD3d 722, 725, quoting Zehner v Zehner, 186 AD3d 784, 786 [internal quotation marks omitted]). "'In exercising [its] discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings or engaged in unnecessary litigation'" (Weiss v Nelson, 196 AD3d at 725-726, quoting Giasemis v Giasemis, 187 AD3d 718, 719 [internal quotation marks omitted]). Here, considering the financial circumstances of the parties, including the award of maintenance to the defendant and the division of the parties' marital assets, under the circumstances of this case, the Supreme Court providently exercised its discretion in awarding the defendant attorneys' fees in the sum of $5,000.
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court