Finley v Turner

2026 NY Slip Op 03147

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Terry Finley, appellant,

v

Jennifer Turner, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-04728, (Index No. 54676/19)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Friedman & Friedman, PLLC, White Plains, NY (Andrea B. Friedman of counsel), for appellant.

Lepore Law Group, New York, NY (Lauren B. Lepore of counsel), for respondent.

[*1]

DECISION & ORDER

In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Westchester County (James W. Hubert, J.), dated June 10, 2022. The judgment of divorce, insofar as appealed from, upon an amended decision of the same court dated April 8, 2022, made after a nonjury trial, imputed annual income to the plaintiff in the amount of $455,855 and determined the defendant's annual income to be $102,212, directed the plaintiff to pay the defendant maintenance in the amount of $1,680 per month for a period of 35 months, directed the plaintiff to pay the defendant child support in the amount of $5,979 per month, equitably distributed certain property, including the appreciation in value of the plaintiff's premarital apartment, a 2017 Honda Pilot vehicle, and $1,314,018.42 contained in certain accounts held at Ameriprise, and awarded the defendant sole legal and physical custody of the parties' children.

ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof imputing annual income to the plaintiff in the amount of $455,855, (2) by deleting the provision thereof determining the defendant's annual income to be $102,212, (3) by deleting the provision thereof directing the plaintiff to pay the defendant maintenance in the amount of $1,680 per month for a period of 35 months, (4) by deleting the provision thereof directing the plaintiff to pay the defendant child support in the amount of $5,979 per month, (5) by deleting the provision thereof directing the plaintiff to pay the defendant $150,000 from the amount of $227,438 from the Ameriprise joint account, (6) by deleting the provision thereof equitably distributing the plaintiff's Ogilvy severance so as to award the defendant $180,000, (7) by deleting the provision thereof equitably distributing the $1,314,018.42 contained in certain accounts held at Ameriprise, (8) by deleting the provision thereof awarding the defendant ownership and possession of the 2017 Honda Pilot vehicle, and (9) by deleting the provision thereof awarding the defendant sole legal and physical custody of the parties' children, and substituting therefor a provision awarding the parties joint legal custody of the children, with final decision-making authority to the defendant, and awarding the defendant sole physical custody of the children subject to the parenting schedule set forth in the judgment of divorce; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination in accordance herewith of each party's annual income, the plaintiff's maintenance obligation, the parties' child support obligations, the equitable distribution of the defendant's individual retirement account and the 2017 [*2]Honda Pilot vehicle in accordance herewith, the equitable distribution of the Ameriprise accounts in accordance herewith, and the amount to be credited to the plaintiff for his payment of the carrying charges on the marital residence from the commencement of this action until its sale in June 2020, including the amount of pendente lite arrears, and in accordance herewith, the entry of an appropriate amended judgment of divorce thereafter; and it is further,

ORDERED that, in the interim, the plaintiff shall continue to pay to the defendant maintenance in the amount of $1,680 per month and child support in the amount of $5,979 per month.

The parties were married in 2009 and have two children together, born in 2010 and 2012. In 2019, the plaintiff commenced this action for a divorce and ancillary relief. The Supreme Court conducted a nonjury trial on the issues of, inter alia, maintenance, child custody, child support, and equitable distribution. The plaintiff appeals from the resultant judgment of divorce.

In determining maintenance and child support obligations, "[t]he court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (Tuchman v Tuchman, 201 AD3d 986, 990 [internal quotation marks omitted]). "The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (id. [internal quotation marks omitted]). "While a court is afforded considerable discretion in determining whether to impute income to a party, a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (Weiss v Nelson, 196 AD3d 722, 724 [internal quotation marks omitted]).

Here, the Supreme Court improperly averaged each party's income from the years 2014 through 2018 to calculate their respective annual income for maintenance and child support purposes (see Koutsouras v Mitsos-Koutsouras, 198 AD3d 630, 632). Moreover, the court's imputation of income, including its reference to purported job offers rejected by the plaintiff, is not supported by the record. Accordingly, the matter is remitted for a new determination of each party's annual income, the plaintiff's maintenance obligation, and the parties' child support obligations (see Domestic Relations Law §§ 236[B][6]; 240[1-b]).

"Domestic Relations Law § 236 mandates that the equitable distribution of marital assets be based on the circumstances of the particular case and directs the courts to consider a number of statutory factors" (Fairchild v Fairchild, 149 AD3d 810, 810-811; see Domestic Relations Law § 236[B][5][c], [d]). While the court is required to discuss the statutory factors it relied upon in distributing marital property, it is not required to specifically cite to and analyze each statutory factor where it is evident that it considered the relevant factors and the reasons for its decision are articulated (see Spera v Spera, 71 AD3d 661, 662).

Here, contrary to the plaintiff's contention, it is evident that the Supreme Court considered and applied a number of the relevant statutory factors set forth in Domestic Relations Law § 236(B)(5)(d) in making its equitable distribution determination (see Fishman v Fishman, 186 AD3d 1199, 1201). However, the court's distribution of the $1,314,018.42 balance contained in certain accounts held at Ameriprise is not supported by the record. Contrary to the court's conclusion, the plaintiff established by clear and convincing evidence, through the report and testimony of his accounting expert, that of the $1,028,140.91 held in an Ameriprise IRA retirement account, $552,486.71 constituted his separate property (see Domestic Relations Law § 236[B][1][d][1]). Accordingly, the court should have awarded the distribution of the remaining portion of the funds held in that Ameriprise IRA retirement account in accordance with the formula approved in Majauskas v Majauskas (61 NY2d 481), calculated from the date of the marriage to the commencement of this action.

Moreover, although the Supreme Court properly awarded equitable distribution of the parties' personal Ameriprise accounts, the court improperly awarded the additional sums of [*3]$150,000 and $180,000 to the defendant. Accordingly, the provisions of the judgment of divorce awarding the defendant the additional sums of $150,000 and $180,000 should be deleted.

Contrary to the plaintiff's further contentions, the Supreme Court's determination to award the defendant half of the appreciation in value of the plaintiff's premarital apartment is supported by the record (see Weidman v Weidman, 162 AD3d 720, 725). Additionally, contrary to the plaintiff's contention, the court properly declined to award the plaintiff any portion of a certain Finley Management bank account, since the plaintiff failed to offer any proof as to the value of Finley Management, the defendant's business (see Massimi v Massimi, 35 AD3d 400, 403).

However, the Supreme Court failed to determine the distribution of an individual retirement account titled in the defendant's name and should consider those distributions upon remittal (see Novick v Novick, 214 AD3d 995, 999). Similarly, the court erred by failing to consider the plaintiff's request for the equitable distribution of the 2017 Honda Pilot, a vehicle purchased by the parties during the marriage (see D'Amico v D'Amico, 66 AD3d 951, 952). "Although [t]his court has the authority to determine whether marital property shall be distributed or a distributive award shall be made in lieu of, or to supplement, facilitate or effectuate a distribution of marital property, we are not in a position to make an award because insufficient evidence was adduced at trial concerning the value of the" Honda Pilot (id. [citations and internal quotation marks omitted]). Accordingly, we also remit this matter to the Supreme Court, Westchester County, for a determination of the value of the Honda Pilot and an appropriate distribution thereof (see Domestic Relations Law § 236[B][5][d]; D'Amico v D'Amico, 66 AD3d at 952). Additionally, upon remittal, the court shall determine the amount to be credited to the plaintiff for his payment of the carrying charges on the marital residence from the commencement of this action until its sale in June 2020, including the amount of pendente lite arrears (see Uttamchandani v Uttamchandani, 175 AD3d 1457, 1458-1459).

The Supreme Court's award of sole physical custody of the children to the defendant, with parenting time to the plaintiff, has a sound and substantial basis in the record (see Albert v Albert, 60 AD3d 979, 979). However, the court's determination to award the defendant sole legal custody lacks a sound and substantial basis in the record where both parties requested joint legal custody and the judgment of divorce contemplates a joint legal custody arrangement with final decision-making authority to the defendant.

Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for new determinations in accordance herewith, and the entry of an appropriate amended judgment of divorce thereafter.

The plaintiff's remaining contentions are unpreserved for appellate review, without merit, or need not be reached in light of our determination.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court